# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE
REINSTATEMENT OF JEFFREY
DICKERSON, BAR NO. 2690.

No. 70826

**FILED**

FEB 10 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF REMAND*

This is an automatic review of a Northern Nevada Disciplinary Board hearing panel's recommendation that this court deny attorney Jeffrey Dickerson's petition for reinstatement.

Dickerson was suspended from the practice of law for 18 months starting on May 9, 2014. The suspension was based in part on his representation of a client that resulted in an attorney fees award of more than $1.1 million against Dickerson and his client as a sanction for bad faith filings.

After serving the suspension, Dickerson filed a petition for reinstatement. To be reinstated, Dickerson had to demonstrate "by clear and convincing evidence" that he has (1) the moral qualifications and (2) competency and learning in law required for admission to practice law and that (3) his "resumption of the practice of law will not be detrimental to the integrity and standing of the bar, to the administration of justice, or to the public interest." SCR 116(2). The hearing panel concluded, and we agree, that Dickerson established by clear and convincing evidence that he has the competency and learning in law to be reinstated. The hearing panel further concluded, however, that Dickerson failed to prove by clear

17-4788

and convincing evidence that he has the moral qualifications for admission to practice and that his resumption of the practice of law would not be detrimental to the integrity and standing of the bar, the administration of justice, or the public interest. The hearing panel determined that Dickerson had not made those showings for two reasons which, together, it deemed a sufficient basis to deny the petition for reinstatement. As one of the two reasons is inconsistent with our original suspension order, and the second rests on evidence the admissibility of which was not adequately established, we reject the recommendation that we deny reinstatement indefinitely and remand.

As its first reason for denying reinstatement, the panel cited Dickerson's failure "to make some effort to begin repayment[ ]" of the judgments against him and concluded that this indicated that he had "not taken responsibility for his conduct" or had not "shown any signs of rehabilitation" to warrant reinstatement. We have no quarrel with the general proposition that payment or nonpayment of restitution related to the misconduct underlying an attorney's suspension is an appropriate consideration in determining whether to reinstate that attorney. But the two examples referenced in the panel's decision involved suspension orders that included restitution as part of the discipline and/or required payment of restitution as a condition precedent to seeking reinstatement. *See In re Reinstatement of Winder*, Docket No. 34400; *In re Reinstatement of Pavageau*, Docket No. 35986. In contrast, this court did not include a restitution requirement or make payment of the sanction order a condition precedent to reinstatement when it suspended Dickerson, decisions that drew a dissent from one justice. *In re Discipline of Dickerson*, Docket No. 62093 (Order of Suspension, May 9, 2014). Additionally, the record

indicates that Dickerson has paid at least one of the judgments against him and that he lacks the resources to resolve the larger judgment but did attempt, albeit unsuccessfully, to resolve it by a deeply discounted settlement. Given this court's considered decision not to include restitution as part of the discipline imposed or as a condition precedent to reinstatement and the evidence in the record, Dickerson's failure to satisfy one of the sanction judgments against him is not an appropriate basis to deny reinstatement.

The second reason the hearing panel gave for denying reinstatement was its finding that Dickerson testified falsely during the reinstatement hearing. That finding relates to Dickerson's testimony that Assistant Bar Counsel Phil Pattee had advised him that even though he was suspended, he could represent clients before administrative agencies that permitted non-attorney representation.[1] We agree with the hearing

---

[1]Because the parties stipulated that the issue of whether Dickerson had engaged in the unauthorized practice of law while suspended by representing clients before administrative agencies would not be asserted as a ground to deny the petition for reinstatement, we are not presented with the legal questions of whether a suspended lawyer may represent an individual before an administrative agency that allows representation by laypeople and whether federal law determines the answer to that issue when the suspended lawyer represents an individual before a federal agency. These significant issues that affect all suspended and disbarred lawyers and individuals who have matters pending before administrative agencies will need to be resolved at a future time. *See generally In re Mitchell*, 901 F.2d 1179, 1185 (3d Cir. 1990) (observing that "[a]ttorneys charged with violations of suspensions frequently argue that they are only performing acts which may lawfully be performed by laymen" but "'[a] suspended lawyer is not the same as a layman" because "[t]he public knows that he has a legal education, that he has engaged in the practice of law, and that his work and his opinions are presumably more valuable on
*continued on next page . . .*

*continued on next page . . .*

 

panel that an attorney's false testimony during a reinstatement hearing is relevant to the inquiry under SCR 116(2) into whether the attorney has the moral qualifications to be admitted to the practice of law. But it is unclear whether there was sufficient, admissible evidence to support the hearing panel's finding that Dickerson testified falsely.

The hearing panel determined that Dickerson's testimony was refuted by testimony from Pattee, whom the panel found to be credible. In particular, although Pattee repeatedly testified that he could not recall the conversation, the panel relied on (1) Pattee's testimony that his call log noted that the subject of the conversation was "reinstatement" and that he would have noted if there was any discussion about a suspended attorney representing clients before an administrative agency and (2) his testimony that he did not "believe that [he] would have given [the] advice" that Dickerson testified to. Both bases for the panel's finding are problematic. Pattee's notes support the finding that the subject of the conversation was limited to reinstatement only if it was established that Pattee's habit was to note each subject discussed. *See* NRS 48.059(1) ("Evidence of the habit of a person . . . is relevant to prove that the conduct of the person . . . on a particular occasion was in conformity with the habit . . . ."). The examination of Pattee, however, did not explore sufficiently whether he had such a habit. *See* NRS 48.059(2) ("Habit . . . may be proved by testimony in the form of an opinion or by specific instances of conduct

_____

. . . *continued*
that account'" (*quoting In re Application of Christianson*, 215 N.W.2d 920, 925 (N.D.1974)); David Rand, Jr., Annotation, *Nature of Legal Services or Law-Related Services Which May be Performed for Others by Disbarred or Suspended Attorney*, 87 A.L.R.3d 279, § 6(b).

sufficient in number to warrant a finding that the habit existed . . . ."); *Simplex, Inc. v. Diversified Energy Sys., Inc.*, 847 F.2d 1290, 1293 (7th Cir. 1988) ("[B]efore a court may admit evidence of habit, the offering party must establish the degree of specificity and frequency of uniform response that ensures more than a mere 'tendency' to act in a given manner, but rather, conduct that is 'semi-automatic' in nature."); *Rodgers v. Rodgers*, 399 S.E.2d 664, 675-76 (W. Va. 1990) ("It is generally agreed that in order to be admissible under [evidentiary rule similar to NRS 48.059], evidence of a person's habit must be shown to be a regularly repeated response to similar factual situations. The trustworthiness of habit evidence lies in its regularity, so that the act or response is shown to be almost automatic." (footnote omitted)). And his brief testimony that he did not "believe that [he] would have given [the] advice" that Dickerson testified to, was speculative at best and is insufficient, standing alone, to support the panel's finding where Pattee repeatedly testified that he had no recollection of the conversation and was not asked about the basis for his belief that he would not have advised Dickerson in the manner that Dickerson represented. The hearing panel's finding also does not account for the declaration submitted by attorney Julie Cavanaugh-Bill stating that she had a similar conversation with Assistant Bar Counsel in June 2014, around the time that Dickerson sent his SCR 115 notices, and had been told that Dickerson could represent clients before tribal courts that allowed nonlawyer representation. On the whole, we are not convinced that the record supports a finding that Dickerson testified falsely on this collateral matter.

Because it is unclear whether the panel would have recommended denying the petition absent the problematic findings

identified above, we reject the recommendations that we deny reinstatement and remand this matter for further proceedings consistent with this order.

It is so ORDERED.[2]

_____, C.J.
Cherry

_____, J.          _____, J.
Douglas                                                  Gibbons

_____, J.          _____, J.
Pickering                                                Hardesty

_____, J.          _____, J.
Parraguirre                                            Stiglich

cc:     Chair, Northern Nevada Disciplinary Board
        Jeffrey A Dickerson
        C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
        Kimberly K. Farmer, Executive Director, State Bar of Nevada

_____

[2]This order constitutes our final disposition of this matter.